IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MADELINE GINET M., | ) |
|     Plaintiff, | ) No. 20 C 6342 |
| v. | ) Magistrate Judge M. David Weisman |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Madeline Ginet M. appeals the Acting Commissioner's decision denying her application for Social Security benefits. For the reasons set forth below, the Court affirms the Acting Commissioner's decision.

### Background

On November 7, 2017, plaintiff filed an application for benefits, which was denied initially, on reconsideration, and after a hearing. (R. 21-36, 104, 118.) The Appeals Council declined review (R. 1-3), leaving the ALJ's decision as the final decision of the Acting Commissioner reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

### Discussion

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous,

it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002) (citation omitted).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(a). The Acting Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity to perform her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four. 20 C.F.R. § 404.1560(c)(2); *Zurawski*, 245 F.3d at 886. If that burden is met, at step five, the burden shifts to the Acting Commissioner to establish that the claimant is capable of performing work existing in significant numbers in the national economy. 20 C.F.R. § 404.1560(c)(2).

At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since the November 7, 2017 application date. (R. 23.) At step two, the ALJ determined that plaintiff has the severe impairments of cervical spine spondylosis, obesity, carpal tunnel syndrome, depression/bipolar, and anxiety. (*Id.*) At step three, the ALJ found that plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (R. 25.) At step four, the ALJ found that plaintiff is unable to perform any

past relevant work but has the RFC to perform light work with certain exceptions. (R. 27-35.) At step five, the ALJ found that jobs exist in significant numbers in the national economy that plaintiff can perform, and thus she is not disabled. (R. 35-36.)

Plaintiff argues that the ALJ did not obtain a valid waiver of counsel from her. The Seventh Circuit deems a waiver to be valid if the ALJ explains the following to a pro se claimant: (1) how a lawyer can help her in the proceedings; (2) that she may be able to obtain counsel free of charge or by entering into a contingency arrangement; and (3) the fees charged by a lawyer cannot be more than twenty-five percent of the past due benefits and must be approved by the Court. *Binion v. Shalala*, 13 F.3d 243, 245 (7th Cir. 1994). The ALJ apprised plaintiff of this information, postponed the hearing so she could obtain representation, and told her that was the only hearing postponement she would get. (R. 86-88.) That is all *Binion* requires.

Even if the waiver was valid, plaintiff argues that the ALJ failed to develop the record adequately. An ALJ's duty to develop the record is heightened when a claimant appears pro se. *See Nelms v. Astrue*, 553 F.3d 1093, 1098 (7th Cir. 2009). An ALJ breaches this duty if evidence is missing from the record and that omission is prejudicial. *Id.* Plaintiff argues that this duty was breached here because the record contains no treating source opinions or medical expert testimony about her functional abilities.

However, "the record is complete as a matter of law when it contains adequate information for the ALJ to render a disability decision, regardless of whether the treating doctor has weighed in." *Charles F. v. Saul*, No. 18 C 618, 2019 WL 3776656, at *5 (N.D. Ill. Aug. 12, 2019) (*citing Skinner v. Astrue*, 478 F.3d 836, 844 (7th Cir. 2007)). Such is the case here. The record contains ample evidence about plaintiff's functional abilities, including her own testimony and function report, her mother's third-party function report, her medical records, the opinions of the agency

3

doctors, and the opinions of the consulting examiner. (*See* R. 62-77, 95-101, 110-15, 298-305, 323-30, 346-53, 437-95, 508-95, 598-601, 608-37, 639-42, 647-51, 653-55, 657, 665-79, 693-712, 779-80, 785-94, 828, 831, 856-987, 1003-1398.) Moreover, plaintiff does not explain how, in the face of all this evidence, the ALJ's failure to obtain evidence from her treaters or a medical expert prejudiced her. Absent that explanation, plaintiff has not shown that the ALJ breached his duty to develop a full record. *See Binion*, 13 F.3d at 245 ("Once the Secretary establishes that the record was developed fully and fairly, the plaintiff has the opportunity to rebut this showing by demonstrating prejudice or an evidentiary gap.").

Alternatively, plaintiff argues that the RFC is flawed because it does not adequately account for her limitations in concentration, persistence, and pace. (*See* R. 27 (stating that plaintiff has the RFC "to understand, remember, and carry out simple work instructions; [to] concentrate, focus, and attend on simple work instructions; [and to] make simple work-related decisions).) The ALJ based this portion of the RFC on the opinions of the agency psychological consultants, which she said were "well supported by the evidence," an approach the Seventh Circuit has endorsed. (R. 32; *see* R. 100-01, 114-15 (agency consultants opining that plaintiff "has lapses in concentration but can focus well enough to follow at least simple 1 and 2 step directions and do similar level types of tasks")); *see also Burmester v. Berryhill*, 920 F.3d 507, 511 (7th Cir. 2019) ("[A]n ALJ may reasonably rely upon the opinion of a medical expert who translates . . . findings [of moderate limitations in concentration, persistence, and pace] into an RFC determination."). The Court could overturn this finding only of it "reweigh[ed] the evidence or substitute[d] [its] judgment for that of the ALJ," neither of which it can do. *Summers v. Berryhill*, 864 F.3d 523, 526 (7th Cir. 2017).

Lastly, plaintiff says the ALJ's RFC finding that plaintiff can frequently use her hands to manipulate objects is unsupported. (*See* R. 27.) In making this finding, the ALJ acknowledged that plaintiff was diagnosed with carpal tunnel syndrome in January 2019 and told her neurologist she would be seeing a hand surgeon in two weeks. (R. 30 (citing R. 1251); R. 1277-78.) There is, however, no evidence that plaintiff actually went to a hand surgeon. Further, plaintiff testified that she did not receive injections or take prescription medication for her hands; rather, her condition was improved by conservative treatment—over-the-counter medication, physical therapy, and use of a wrist splint. (R. 65-70, 735, 1239.) Finally, during the time of her alleged disability, plaintiff was able to use her hands to pick up small objects, drive for DoorDash, and complete personal care tasks on her own. (R. 67, 324, 1330.) In short, the ALJ's RFC finding is supported by substantial evidence.

## Conclusion

For the reasons set forth above, the Court the affirms Acting Commissioner's decision, denies plaintiff's motion for summary judgment [20], grants the Acting Commissioner's motion for summary judgment [27], and terminates this case.

**SO ORDERED.**                                    **ENTERED:  October 1, 2021**

**M. David Weisman**
**United States Magistrate Judge**